***E-FILED - 7/14/09***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONROE JONES, | No. C 09-2625 RMW (PR) |
| Plaintiff, | ORDER OF DISMISSAL |
| vs. | |
| CHIEF DEPUTY PAT CASSIDY, et al., | |
| Defendants. | |

Monroe Jones, an inmate at San Quentin State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983, concerning defendants' alleged failure to comply with an injunction concerning parole revocation proceedings. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court DISMISSES the instant complaint.

**BACKGROUND**

In his complaint, plaintiff alleges that state officials are violating the permanent injunction filed in Valdivia v. Schwarzenegger, No. S-94-0671 LKK (E.D. Cal. Mar. 9, 2004), concerning parole revocation. Specifically, plaintiff alleges that defendants are not complying with the requirement that he be provided a final revocation hearing within 35 days after a parole hold is placed.

Order of Dismissal
P:\PRO-SE\SJ.Rmw\CR.09\Jones625.Dismiss.wpd      1

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Analysis

The complaint fails to state a claim for relief under § 1983. The complaint seeks relief based on defendants' alleged failure to comply with the stipulated order for permanent injunction entered in Valdivia, portions of which are attached to the complaint. A remedial court order, standing alone, cannot serve as the basis for liability under 42 U.S.C. § 1983 because such orders do not create "rights, privileges or immunities secured by the Constitution and laws" of the United States. Green v. McKaskle, 788 F.2d 1116, 1123-24 (5th Cir. 1986) (remedial decrees are means by which unconstitutional conditions are corrected but do not create or enlarge constitutional rights); see also DeGidio v. Pung, 920 F.2d 525, 534-35 (8th Cir. 1990). To the extent plaintiff claims that the Valdivia injunction has been violated, he must apply for relief in that case. As a California parolee, plaintiff apparently is a class member in the Valdivia class action and therefore should seek relief by "urging further actions through the class representative and attorney, including contempt proceedings, or by intervention in the class action." Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc).

1    Although the court normally grants leave to amend a complaint, here, leave to amend
2 would be futile. As noted above, plaintiff has no § 1983 claim based on a violation of the
3 Valdivia injunction. To the extent plaintiff is claiming that his parole was improperly revoked,
4 he cannot assert a § 1983 claim for damages on that basis because it would run afoul of a line of
5 cases that bar a damages claim for unconstitutional imprisonment until the underlying erroneous
6 decision is set aside. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Heck also bars a
7 challenge to the validity of the confinement resulting from a parole revocation hearing until the
8 parole board's decision has been reversed, expunged, set aside or called into question. See
9 Littles v. Bd. of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995). Heck therefore
10 would bar any damages claim for the alleged improper revocation of plaintiff's parole if such a
11 claim would implicate the validity of the parole revocation decision.

12    Should plaintiff wish to challenge the legality of his custody in order to seek a
13 determination of entitlement to an earlier or immediate release, he must file a petition for writ of
14 habeas corpus rather than a civil rights complaint. See Preiser v. Rodriguez, 411 U.S. 475, 500
15 (1973). However, plaintiff is also advised that he may not file a federal petition for writ of
16 habeas corpus until he has exhausted state judicial remedies. See Granberry v. Greer, 481 U.S.
17 129, 134 (1987).

## CONCLUSION

19    The complaint fails to state a claim upon which relief may be granted. The action is
20 DISMISSED. The clerk shall close the file.

21    IT IS SO ORDERED.
22 DATED:  7/14/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order of Dismissal
P:\PRO-SE\SJ.Rmw\CR.09\Jones625.Dismiss.wpd        3